John C. Babin, OSB#80011
E-Mail: info@brookingslawoffice.com
BabinLaw, P.C.
517 Chetco Avenue
P.O. Box 1600
Brookings, Oregon 97415
Tel:     (541) 469-5331
Fax:     (541) 469-9865
Attorneys for Plaintiffs Louis & Shirley Lillis

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LOUIS LILLIS AND SHIRLEY LILLIS, | CASE NO: 1:14-cv-867 |
| Plaintiffs, | |
| vs. | COMPLAINT |
| | Breach of Contract, Specific Performance and Damages (12 U.S.C§1789(a)(2)) |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Chetco Federal Credit Union | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiffs, Louis Lillis and Shirley Lillis, through their attorney, allege as follows:

## **INTRODUCTION**

1.

This is an action for specific performance and declaratory judgment by Plaintiffs, Louis Lillis and Shirley Lillis, arising out of a transaction in Brookings, Oregon on February 17, 2014.

## PARTIES

2.

Effective December 31, 2013 the NCUA Board ("Board") became the liquidating agent of the Chetco Federal Credit Union ("Credit Union").  Pursuant to 12 U.S.C. § 1787(b)(2)(A), the NCUA Board as Liquidating Agent has succeeded to all rights, titles, powers, and privileges of the Credit Union and of any member, account holder, officer or director of the Credit Union, with respect to the Credit Unions and their assets, including the right to bring the claims asserted by them in this action. As Liquidating Agent, the NCUA Board has all the powers of the members, directors, officers, and committees, of the Credit Union, see 12 U.S.C. § 1786(h)(8), and succeeds to all rights, titles, powers, and privileges of the Credit Unions, see 12 U.S.C. § 1787(b)(2)(A). The NCUA Board may also be sued on the Credit Unions' behalf. See 12 U.S.C. §§ 1766(b)(3)(A), 1787(b)(2), 1789(a)(2).

3.

Louis Lillis & Shirley Lillis are United States citizens and residents of the State of Oregon residing in City of Brookings, County of Curry.

## JURISDICTION

4.

This Court has subject matter jurisdiction pursuant to: (a) 12 U.S.C. § 1789(a)(2), which provides that "[a]ll suits of a civil nature at common law or in equity to which the [NCUA Board] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy".

5.

Venue is proper in this because many of the transactions at issue occurred in Brookings, Curry County, Oregon, the physical location of the dispute and the state over which has the Plaintiffs personal jurisdiction and of which the Plaintiffs reside. The Credit Union was also physically located in Curry County.

## FIRST CLAIM FOR RELIEF
### (Specific Performance)

6.

On or about February 17, 2014, the Plaintiff's, Louis Lillis & Shirley Lillis, and the Defendant Board, by and through their agent, servants, and/or employees, entered into a Residential Real Estate Sale Agreement for the purchase and sale of certain real property located in Curry County, Oregon.   A copy of the written Residential Real Estate Sale Agreement with all Addendums is attached to this Complaint as Exhibit "A" and incorporated herein. The property is more particularly described on Exhibit "B" attached hereto and incorporated herein.

7.

The sales contract provided that the agreed price was the sum of $300,000.00 and that closing of the transaction was to take place on or before March 7, 2014.

8.

On the day of closing the Plaintiffs were ready willing and able to comply with the terms of the agreement and tender the monies to the escrow agent.

///

///

///

9.

The Plaintiffs complied with all conditions precedent pursuant to the terms of the agreement which were required at the time of closing entitling them to demand performance of all obligations of the Defendant.

10.

The Defendant refused and failed to comply with the terms of the agreement and failed to deliver the deed to and possession of the premises as required by the agreement.

11.

The Defendant has continued to refuse to transfer title of the subject property to the Plaintiffs after the Plaintiffs have continued to demand performance of the Defendant.

12.

The subject property is unique, and money damages will not provide an adequate remedy to the Plaintiffs.

13.

Paragraph 35 of the agreement provides that the prevailing party in any suit, action or arbitration between the buyer and seller shall be entitled to recovery of reasonable attorney fees and costs and disbursements.  The Plaintiffs were not required to mediate this claim as the Defendant specifically repudiated mediation in their addendums.

## SECOND CLAIM FOR RELIEF
### (Damages)

14.

Plaintiffs reallege Paragraphs 5 through 10 and 12 of the First Claim for Relief and repeat them as of set forth fully herein.

///

15.

The value of the subject real property is currently $330,000.00. The sale agreement also provided that together with the real property that the Plaintiffs would obtain possession of and title to all personal property and contents of the premises. The value of all personal property on the premises at the time of the execution of the sales agreement was $30,000.00.

16.

As a result of the Defendant's failure to convey title by deed at closing, the Defendant has materially breached the terms of the contract identified above and has caused damages to the Plaintiffs as set forth below.

17.

If the Plaintiffs are not able to obtain specific performance of the aforesaid agreement, the Plaintiffs will have incurred damages in the amount of $60,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendant ordering and directing the Defendant to specifically perform the terms of the agreement and to execute and deliver to the Plaintiffs a special warranty deed, free and clear of any and all liens and encumbrances, to the subject property and, in lieu thereof, providing that an Order of this court on any judgment entered therein will act as a valid transfer of the subject property to the Plaintiffs; or for general damages in the amount of $60,000.00, or as proved at trial together with prejudgment interest thereon from March 7, 2014 to date of entry of judgment; and for the Plaintiffs' attorney fees, costs, and disbursements herein.

///

## DEMAND FOR JURY TRIAL

Plaintiffs herein demands jury trial as to all issues before the court on this matter.

Dated this ___ day of May, 2014.

BabinLaw, P.C.

s/ John C. Babin
John C. Babin
OSB #80011
[541] 469-5331
Attorney for Plaintiffs Louis & Shirley Lillis