IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LOUIS LILLIS and SHIRLEY LILLIS,

Plaintiffs,

v.

NATIONAL CREDIT UNION
ADMINISTRATION BOARD, as liquidating
Agent of Chetco Federal Credit Union,

Defendant.

No. 1:14-cv-00867-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

Plaintiffs Louis and Shirley Lillis (collectively, "Plaintiffs") bring this breach of contract

action against the National Credit Union Administration Board (the "Board"), the liquidating

agent of the Chetco Federal Credit Union (the "Credit Union"). Currently before the Court is the

Board's motion (#13) for dismissal of Plaintiffs' amended complaint (#12) under FED. R. CIV. P.

12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, the Board's motion

(#13) should be GRANTED and Plaintiff's case should be dismissed without prejudice. Plaintiffs' request (#14) for a stay should be DENIED.

## BACKGROUND

The Court assumes the following allegations are true for the limited purpose of ruling on Defendant's motion to dismiss. On December 31, 2013, the Board became the liquidating agent of the Credit Union. Am. Compl. ¶ 2. As liquidating agent, the Board succeeded to all rights of the Credit Union and its members with respect to the Credit Union's assets. Am. Compl. ¶ 2.

On February 17, 2014, Plaintiffs and the Board entered into a Residential Real Estate Sale Agreement for real property located in Curry County, Oregon. Am. Compl. ¶ 6. As documented in the sales contract, the parties agreed to a price of $300,000.00 and a closing date of March 7, 2014. Am. Compl. ¶ 7. Plaintiffs complied with all conditions precedent to the closing and, on the day of closing, were ready to tender payment to the escrow agent. Am. Compl. ¶¶ 8-9. However, the Board refused to comply with the terms of the agreement and failed to deliver deed to and possession of the property to Plaintiffs. Am. Compl. ¶ 10.

## STANDARD

Pursuant to FED. R. CIV. P. 12(b)(1), the Court may dismiss a case for lack of subject-matter jurisdiction. "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); FED. R. CIV. P. 12(d). The plaintiff bears the burden of proving the Court has subject matter jurisdiction. Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992) ("plaintiff bears the burden of persuading the court that it has subject matter jurisdiction under the FTCA's general waiver of immunity").

## DISCUSSION

Claims against the Board are governed by 12 U.S.C. § 1787. The Board asserts the Court lacks subject-matter jurisdiction over Plaintiffs' claims because Plaintiffs have not exhausted their administrative remedies under this statute. Plaintiffs concede they have not availed themselves of the § 1787 administrative process but argue they need not do so because the process does not apply to their breach of contract claim against the Board.

The text of § 1787(b)(13)(D) plainly states that *any* claim that asserts a right to the asset of a failed credit union or challenges the Board's acts or omissions as liquidating agent is subject to exhaustion. See McCarthy v. FDIC, 348 F.3d 1075, 1077 (9th Cir. 2003) (analyzing the Financial Institutions Reform, Recovery, and Enforcement Act's ("FIRREA") identical language regarding claims against the Federal Deposit Insurance Corporation ("FDIC")). The provision broadly constrains judicial review. Unless the claimant completes the administrative claims process and secures jurisdiction as provided under 12 U.S.C. § 1787(b)(6):

> no court shall have jurisdiction over--
> (i) *any claim* or action for payment from, or any action *seeking a determination of rights with respect to, the assets of any credit union for which the Board has been appointed liquidating agent,* including assets which the Board may acquire from itself as such liquidating agent; or
> (ii) *any claim relating to any act or omission of* such credit union or *the Board as liquidating agent.*

12 U.S.C. § 1787(b)(13)(D) (emphasis added); Id. at 1077-78. This requirement explicitly bars judicial review of unexhausted claims against the Board for its actions as liquidating agent. It is not limited to creditor's claims against the Credit Union or claims arising from events that predate the Board's appointment. Id. at 1077; Lafayette Fed. Credit Union v. Nat'l Credit Union Admin. 960 F.Supp. 999, 1004 (E.D. Va. 1997) (holding "Congress evinced no intention to differentiate between claimants" under § 1787 and noting plaintiffs' attempts to distinguish

between the Board and the Credit Union "highlighted a distinction without illustrating a difference."), aff'd, 133 F.3d 915 (4th Cir. 1998).

"Despite this broad language, the limitation on judicial intervention is not absolute." Sharpe v. F.D.I.C., 126 F.3d 1147, 1156 (9th Cir. 1997). The Ninth Circuit has recognized some exceptions to the strict exhaustion requirement for "special situations." McCarthy, 348 F.3d at 1081. Most relevant to the case at hand, in Sharpe, 126 F.3d at 1157, the Ninth Circuit held that a cause of action raised by an aggrieved party to a contract breached by FDIC in its authority as receiver did not require exhaustion under a statutory scheme analogous to 12 U.S.C. § 1787. See Nat'l Credit Union Admin. Bd. v. Lormet Cmty. Fed. Credit Union, No. 1:10 CV 1964, 2010 WL 4806794, at *6 (N.D. Ohio Nov. 18, 2010) ("The exhaustion requirements contained in FIRREA and FCUA are nearly identical."). The Sharpes were parties to a settlement agreement with a bank. Sharpe, 126 F.3d at 1150. Pursuant to the agreement, the Sharpes provided the bank with certain documents and the bank gave the Sharpes $510,000 in cashier's checks. Id. at 1151. Immediately after the transaction, the bank failed and the FDIC took over as receiver. Id. The FDIC took possession of the documents, and later recorded them, but refused to honor the cashier's checks. Id. The Sharpes sued for breach of contract which the FDIC maintained was an administrative claim subject to exhaustion. Id. The Ninth Circuit held otherwise, noting "[n]othing in the statute addresses whether a cause of action by a party to a contract breached by the FDIC is considered a 'claim' for the purposes of the administrative exhaustion requirement." Id. at 1156. The Ninth Circuit concluded administrative exhaustion was not required and that the district court had jurisdiction over the Sharpes' claims. Id. at 1157.

The Ninth Circuit has called Sharpe "an unusual case" and limited its holding to its unique factual context. Meritage Homes of Nevada, Inc. v. F.D.I.C., 753 F.3d 819, 825 (9th Cir.

2014) ("[I]n McCarthy, we held that Sharpe is not controlling outside of its limited context. [ ] We reach the same conclusion here."); Deutsche Bank Nat. Trust Co. v. F.D.I.C., 744 F.3d 1124, 1137 (9th Cir. 2014) ("We, therefore, hold that Sharpe was limited to its particular facts."); McCarthy, 348 F.3d at 1078 ("Sharpe was an unusual case."). The present case's facts depart from Sharpe's in two key respects. Jafari v. F.D.I.C., No. 12CV1971-LAB RBB, 2012 WL 3637288, at *5 (S.D. Cal. Aug. 22, 2012) (district court distinguished facts in breach of contract claim from Sharpe). First, Sharpe involved a pre-receivership contract whereas Plaintiffs' claims arise from a post-receivership contract. The Ninth Circuit's McCarthy decision highlights the importance of this distinction. In Sharpe, the Ninth Circuit was concerned that "if merely breaching a contract were to make the Sharpes' creditors subject to the claims process, the FDIC 'would be free to breach any *pre-receivership contract*, keep the benefit of the bargain, and then escape the consequences by hiding behind the FIRREA claims process.'" McCarthy, 348 F.3d at 1078 (emphasis added). However, the Ninth Circuit did not extend this concern to breaches of post-receivership contracts. Instead, the McCarthy court held "*[p]ost-receivership* claims arising out of acts by the receiver as well as by the failed institution" are "subject to exhaustion." Id. at 1081 (emphasis added). Second, the aggrieved party in Sharpe fully performed the contract whereas, here, neither party performed. In McCarthy, the Ninth Circuit explained the Sharpe decision "*turned on* the claimants being aggrieved parties to a contract that the FDIC had not repudiated." Id. at 1078 (emphasis added). The breach of contract was not an administrative claim subject to exhaustion because "the Sharpes were neither creditors nor debtors, but parties to a contract they fully performed." Id. Because the facts in this case are not strictly analogous to those explored in Sharpe, Sharpe's exception to the administrative process is inapplicable. Plaintiffs have failed to avail themselves of § 1787's administrative process or otherwise

establish that the Court has jurisdiction over their claims. Accordingly, Defendant's motion to dismiss should be granted.

In the event the Court grants Defendant's motion, Plaintiffs ask this court to stay the current action. The U.S. Supreme Court instructs courts to construe statutes affecting federal jurisdiction "both with precision and with fidelity to the terms by which Congress has expressed its wishes." Cheng Fan Kwok v. INS, 392 U.S. 206, 212 (1968). 12 U.S.C. § 1787(b)(13) specifically mandates the exhaustion of administrative remedies as a prerequisite to this Court's jurisdiction. In the face of this clear directive, this Court does not have jurisdiction to stay rather than dismiss Plaintiffs' claims. See Schimsky v. U.S. Office of Personnel Management, 403 F.App'x 150, 151 (9th Cir. 2010) (holding district court had discretion to stay rather than dismiss the action because the exhaustion requirement was created by agency regulations, not statute, and thus was non-jurisdictional); Intercontinental Travel Marketing, Inc. v. F.D.I.C., 45 F.3d 1278, 1284 (9th Cir. 1994) (holding "[t]he district court properly found FIRREA's exhaustion requirement mandatory and dismissed ITM's case for lack of subject matter jurisdiction."). Therefore, the Court should deny Plaintiffs' request to stay litigation for the pendency of the administrative proceedings.

## RECOMMENDATION

For the reasons stated above, Defendant's motion to dismiss (#13) should be GRANTED without prejudice and Plaintiffs' request to stay proceedings (#14) should be DENIED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. FED. R. CIV.

/ / /

/ / /

P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. Id.

DATED this _____ day of November 2014.

_____
MARK D. CLARKE
United States Magistrate Judge